```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

VIRGIL C. ROBINSON #2007-007-8972, )
                                   )
                  Plaintiff,        )
                                   )
     v.                             )    No. 09 C 6132
                                   )
DETECTIVE CURTIS THOMAS,            )
                                   )
                  Defendant.        )

## MEMORANDUM OPINION AND ORDER

Virgil Robinson ("Robinson") has just tendered a 42 U.S.C. §1983 ("Section 1983") Complaint against Detective Curtis Thomas ("Thomas"), using the form of Complaint supplied by the Clerk's Office and filling in the requested information in handprinted form. Robinson has supplemented his submission with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum opinion and order is issued sua sponte to deal with each of Robinson's submissions.

First as to the Application, Robinson (who is in custody at the Cook County Jail) has failed to provide the printout covering all transactions in his trust fund account at the County Jail for the six-month period from April 1 through September 30, 2009 (see 28 U.S.C. §1915(a)(2)).[1] Because Section 1915(b)(1) requires Robinson to pay the entire $350 filing fee in installments

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

conforming to the provisions of Section 1915(b), Robinson is ordered to obtain such a printout (with this Case No. 09 C 6132 noted on the printout for identification purposes) and to transmit it to the Clerk's Office[2] on or before October 26, 2009, failing which Robinson will not be permitted to proceed with this action.

As for the Motion, Robinson has left blank one particularly critical portion--its Paragraph 2, which requires that he identify efforts that he has made on his own to obtain a lawyer. Under the teaching from our Court of Appeals, no consideration can be given to the possible appointment of a lawyer to represent Robinson without his having made a showing of such efforts on his part.

With those preliminaries out of the way, this Court turns to Robinson's substantive claims. First, although the Complaint names only Detective Thomas as a defendant, both the Application and the Motion also list Assistant State's Attorney Donna Norton in the caption. This Court will ignore those added listings, because attorney Norton is entitled to prosecutorial immunity for Section 1983 purposes in any event.

Detective Thomas' situation is more complex. <u>Cervantes v.</u>

---

[2] Office of the Clerk
United States District Court
219 South Dearborn Street - 20th Floor
Chicago IL 60604

Jones, 188 F.3d 805, 809-10 (7th Cir. 1999) teaches (1) that a witness in pretrial proceeding (including testimony before a grand jury) is absolutely immune from suits under Section 1983--even if the witness actually commits perjury--but that (2) "[a]n exception to this rule of immunity for trial and pretrial testimony exists for a 'complaining witness'" (id. at 809). Thus the question is whether Thomas was such a "complaining witness"--"one who actively instigated, encouraged or perpetrated the prosecution" (id. at 810)--on October 29, 2008, or whether instead his testimony (even if false) played a different role.

That question has not been answered by Robinson's narrative in the Complaint. Robinson there refers to "Ms. Norton's flawed effort to aggressively prosecute me," but not to the nature of Thomas' testimony or to any other involvement on his part.

Accordingly Robinson is further ordered--also on or before October 26--to provide to this Court a transcript of the Thomas grand jury testimony if it is available, or if it is not available to provide a more particularized description of Thomas' involvement. This Court will then be in a better position to determine whether this case can go forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 6, 2009

3